IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICKA SNYDER,

                    Plaintiff,                                    OPINION and ORDER

        v.
                                                                 22-cv-180-jdp
BROTOLOC HEALTH CARE SYSTEMS, INC.,

                    Defendant.

---

Defendant Brotoloc Health Care Systems, Inc. operates residential care homes for people with disabilities. Plaintiff Ericka Snyder was the program manager for a Brotoloc Health Care home in Eau Claire, Wisconsin. With Brotoloc Health Care's approval, Snyder took a three-week leave under the Family and Medical Leave Act. On her return to work, Snyder asked to be placed in a direct care position rather than a program manager position. Snyder claims that her assignment to a direct care position was both an unlawful interference with her FMLA rights and retaliation for exercising her FMLA rights.

Brotoloc Health Care moves for summary judgment. Snyder does not dispute that Brotoloc Health Care placed her in the direct care position at her request, and thus she does not have evidence to show that Brotoloc Health Care interfered with her FMLA rights or retaliated against her for exercising those rights. The court will grant summary judgment to Brotoloc Health Care and close the case.

UNDISPUTED FACTS

The following facts are undisputed.

Snyder was a program manager at Brotoloc Health Care home in Eau Claire. Snyder requested FMLA leave, which Brotoloc Health Care approved. Dkt. 14, ¶¶ 9, 11–16. While Snyder was on leave, Brotoloc Health Care reassigned another of its program managers, Heather Melton, to oversee the home that Snyder managed before her leave. Dkt. 23, ¶ 15. Brotoloc Health Care promoted one of its assistant program managers to fill the vacancy left by this reassignment. *Id.* ¶¶ 21–22.

The day Snyder returned from her leave, she met with her manager, Lindsay Farrell-Govek. Before any other matters were discussed, Snyder requested reassignment to a direct care position. Dkt. 14, ¶¶ 17–19. She tendered a letter of resignation as program manager and started her new position two weeks later. *Id.* ¶¶ 22, 26–27. Snyder resigned from Brotoloc Health Care about a year later. *Id.* ¶ 28.

ANALYSIS

Under the Family and Medical Leave Act, an employee is entitled to return after a leave to the same position of employment or to a position with equivalent pay, benefits, and terms of employment. *See* 29 U.S.C. §§ 2614(a)(1), 2615(a)(1). The FMLA prohibits employers from interfering with the exercise of FMLA rights and from retaliating against employees who exercise FMLA rights. Snyder claims that Brotoloc Health Care did both by failing to return her to a program manager position after she took FMLA leave.

To prove her interference claim, Snyder must show: (1) she was eligible for FMLA protections; (2) Brotoloc Health Care was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) Brotoloc Health Care interfered with, restrained, or denied the exercise, or attempted exercise, of her

right to return to the same or an equivalent position. *Ziccarelli v. Dart*, 35 F.4th 1079, 1084–1085 (7th Cir. 2022). Only element five is contested here. Dkt. 10 at 5–6.

Snyder's case fails because the undisputed facts show that she asked Farrell-Govek to step down to a direct care position. Dkt. 14, ¶ 19. In light of her requested placement, Snyder cannot show that Brotoloc Health Care interfered with her FMLA rights.

Snyder's retaliation claim fails for the same reason. To prevail on this claim, Snyder would have to prove: (1) she engaged in statutorily protected conduct; (2) Brotoloc Health Care took adverse action against her; and (3) her protected conduct caused the adverse action. *Freelain v. Vill. of Oak Park*, 888 F.3d 895, 901 (7th Cir. 2018). Brotoloc Health Care did not take any adverse employment action against Snyder; it honored her request to move to a different position. And even if the placement were an adverse action, Snyder cannot show that it was caused by her taking FMLA leave. It is undisputed that her placement in a direct care position was caused by Snyder's own request.

Snyder tries to resist this outcome by contending that Brotoloc Health Care had filled her position while she was on leave. Of course, the FMLA does not prevent an employer from filling a position while the employee is on leave. Snyder contends that her replacement, Heather Melton, was intended to be permanent. But Snyder does not have admissible evidence to establish that; she relies mostly on the hearsay of her coworkers. Snyder contends in her declaration that she saw Brotoloc Health Care postings for program manager positions in Eau Claire, but she has no corroborating evidence. Brotoloc Health Care submits admissible documentary evidence and a declaration that definitively rebuts that contention. Dkt. 22.

Ultimately, Brotoloc Health Care's decisions about its program managers are immaterial. Snyder's evidence, even if fully credited, would show at most that Brotoloc Health

Care had filled her former position while she was on leave. But Brotoloc Health Care was not obligated to return Snyder to the same program manager position at the Eau Claire home. It was obligated only to return Snyder to an equivalent position, and Snyder has adduced no evidence that Brotoloc Health Care was not prepared to do that.

Brotoloc Health Care has provided undisputed evidence that its reassignment of Snyder to a direct care position was based on her own request. Brotoloc Health Care is entitled to summary judgment that it did not interfere with Snyder's FMLA rights or retaliate against her for exercising them.

## ORDER

IT IS ORDERED that:

1. Defendant Brotoloc Health Care Systems, Inc.'s motion for summary judgment, Dkt. 9, is GRANTED.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered April 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge